UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER ALLEN OF THE FAMILY OTTERSBACH,<br><br>                              Plaintiff,<br><br>  v.<br><br> DAVID KILGORE, through REGION 9 IV-D AGENCY,<br><br>                              Defendant. | Case No.: 24-CV-1664 JLS (SBC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO QUASH SERVICE OF PROCESS**<br><br>(ECF No. 5) |

Presently before the Court is Defendants California Department of Child Support Services ("DCSS") and former DCSS Director David Kilgore's Motion to Quash Service of Process ("Mot.," ECF No. 5).[1] Plaintiff Christopher Allen of the Family Ottersbach did

---

[1] Plaintiff filed suit against a single Defendant, David Kilgore, sued in his official capacity as DCSS Director. ECF No. 1 at 3. Yet multiple "Defendants" brought the instant Motion, DCSS as well as Kilgore as its former Director. To be sure, a "suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself," so the Court permits DCSS to appear on behalf of Kilgore. *See Larez v. City of L.A.*, 946 F.2d 630, 646 (9th Cir. 1991) (citing *McRorie v. Shimoda*, 795 F.2d 780, 783 (9th Cir. 1986)); *see also Boyd v. AMR Hous.*, No. 06-00373 HG-LEK, 2007 WL 9711275, at *4 (D. Haw. Mar. 22, 2007) (recognizing that the United States may move to

not file a response to the Motion. *See generally* Docket. On February 10, 2025, Defendants filed a Reply ("Reply," ECF No. 6), noting Plaintiff's lack of a response. The Court, on February 12, 2025, took the Motion under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). ECF No. 7. Having carefully considered Defendants' arguments, the evidence, and the applicable law, the Court **GRANTS** Defendants' Motion.

## BACKGROUND

This case presents a litany of constitutional challenges to the structural and procedural makeup of California's Department of Child Support Services. ECF No. 1 ("Compl.") at 1. DCSS is a creature of statute, conceived of and implemented by the California legislature to be the department within the California Health and Human Services Agency responsible for "administer[ing] all services and perform[ing] all functions necessary to establish, collect, and distribute child support." Cal. Fam. Code § 17200. The department is headed by a director, *id.* § 17204, who is charged with overall administration and management, *id.* § 17302.

Plaintiff filed this suit on September 18, 2024, alleging, *inter alia*, that he has been subjected "to involuntary servitude by converting [him] to a non-custodial parent." Compl. ¶ 7. This outcome is allegedly the result of a collusive effort on the part of Kilgore and DCSS to operate a for-profit business that benefits from fees paid by individuals who interact with state-run child support services. *Id.* ¶¶ 8, 14. Kilgore, Plaintiff alleges, was the DCSS Director at the time of Plaintiff's grievances. *Id.* ¶ 6. As remedies for Kilgore's wrongdoing, Plaintiff seeks over $10 million in damages, injunctive relief, and attorneys' fees. *Id.* ¶ 77. A Summons issued the same day Plaintiff filed his Complaint. ECF No. 2.

On November 12, 2024, Plaintiff filed an Affidavit of Service, attesting that a process server, Jose Coutino, personally served David Kilgore with the Summons and Complaint on October 8, 2024. ECF No. 4. The next month, on December 26, 2024,

---

dismiss on behalf of several federal officers sued in their official capacities). But as far as the Court can tell, there is just one Defendant named in this action.

Defendants filed the instant Motion, arguing that Plaintiff's service of process was ineffective under the Federal Rules of Civil Procedure and seeking to quash service on Kilgore in his official capacity as DCSS Director and on DCSS as a whole.  Mot. at 2. Plaintiff did not oppose the Motion.  *See generally* Docket.

## LEGAL STANDARDS

### I. Local Rule 7.1(f)(3)(c)

Under Civil Local Rule 7.1(f)(3)(c), "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the Court."  Civil Local Rule 7.1(e)(2) requires the party against whom a motion is filed to file an opposition or statement of non-opposition no later than fourteen days prior to the motion's noticed hearing.  Where a party files neither an opposition nor a statement of non-opposition to a motion, Civil Local Rule 7.1(f)(3)(c) permits the Court, in its discretion, to summarily grant that motion.  *See United States v. Warren*, 601 F.2d 471, 473 (9th Cir. 1979) (per curiam); *see also Park v. Wash. Mut. Bank*, No. 10 CV 1548 MMA AJB, 2010 WL 4235475, at *1 (S.D. Cal. Oct. 21, 2010) (summarily granting a motion to quash service under Rule 12(b)(5)); *Anderson v. Does 1-6*, No. 18CV2137-JAH (WVG), 2019 WL 1017611, at *1 (S.D. Cal. Mar. 4, 2019) (summarily granting a motion to dismiss); *Holandez v. Ent., LLC*, No. EDCV211755JGBSHKX, 2023 WL 2559209, at *3–4 (C.D. Cal. Jan. 5, 2023) (summarily granting, under a similar local rule, a motion for conditional certification of a collective action).

"[Civil Local Rule 7.1(f)(3)(c)] is designed to relieve the court of the burden of reviewing the merits of a motion without the benefit of full briefing, because such a review requires a significant amount of scarce judicial time."  *Luna v. U.S. Bank, N.A.*, No. 09-CV-2807-L NLS, 2011 WL 1099795, at *1 (S.D. Cal. Mar. 24, 2011).  Moreover, by empowering district courts to decline to rule "upon issues which remain unfocused" and which lack "that clear concreteness" provided by the "clash of adversary argument exploring every aspect of a multifaceted situation embracing conflicting and demanding

interests," Civil Local Rule 7.1(f)(3) serves the same goals that underlie prudential restrictions on federal courts' issuance of advisory opinions. *See United States v. Fruehauf*, 365 U.S. 146, 157 (1961); *United States v. Windsor*, 570 U.S. 744, 759–60 (2013).

A district court's exercise of discretion pursuant to Civil Local Rule 7.1(f)(3)(c) is informed by the factors outlined in *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). These factors include "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases o[n] their merits; and (5) the availability of less drastic sanctions." *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

## II. Federal Rule of Civil Procedure 12(b)(5)

A district court cannot exercise jurisdiction over a defendant without proper service of process. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Sec. & Exch. Comm'n v. Ross*, 504 F.3d 1130, 1138–39 (9th Cir. 2007). Federal Rule of Civil Procedure 12(b)(5), therefore, authorizes a defendant to raise by motion the defense of "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Once a defendant challenges service, the plaintiff bears the burden of establishing valid service pursuant to Federal Rule of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

If the plaintiff is unable to satisfy his burden of demonstrating effective service, a court may either dismiss the action or quash service and allow the plaintiff to serve the defendant again. *Stevens v. Sec. Pac. Nat'l Bank,* 538 F.2d 1387, 1389 (9th Cir. 1976). "Where it appears that effective service can be made and there is no unfair prejudice to the defendant, quashing service rather than dismissing the action, and leaving the plaintiff free to effect proper service, is the appropriate course." *Wick Towing, Inc. v. Northland*, No. C15-1864JLR, 2016 WL 3461587, at *2 (W.D. Wash. June 21, 2016) (citing *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir. 1992)).

/ / /

/ / /

# ANALYSIS

## I. Plaintiff's Implicit Consent to the Motion

Defendants' Motion was set for hearing on February 20, 2025, at 1:30pm. *See* Mot. Civil Local Rule 7.1(e)(2) therefore required Plaintiff to respond by February 6, 2025. Yet Plaintiff filed no response to the Motion, even after the Court took the Motion under submission on February 12, 2025, and noted the lack of an opposition. *See* ECF No. 7. As Plaintiff did not respond within the time set by Civil Local Rule 7.1(e)(2), the Court proceeds to its analysis of whether the *Ghazali* factors support granting Defendants' Motion pursuant to Civil Local Rule 7.1(f)(3)(c).

The public's interest in the expeditious resolution of litigation and the public policy favoring disposition of cases on their merits cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (reasoning that policy favoring merits determination weighs against dismissal). But the remaining factors all counsel in favor of granting Defendants' Motion, particularly where, as here, the Court elects the less drastic sanction of quashing service of process as compared to dismissal of the case. *See Scottsdale Ins. Co. v. Hamerslag*, No. 23-CV-780 JLS (AHG), 2023 WL 7434967, at *4 (S.D. Cal. Nov. 9, 2023) (deciding in favor of quashing service of process rather than dismissal where the plaintiff failed to oppose the defendant's motion). Importantly, Plaintiff's noncompliance is not excusable merely because he has no legal representation. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986) (reasoning that even a *pro se* litigant is not entitled to a warning of the consequences of failing to file an opposition).

Accordingly, the balance of the *Ghazali* factors weighs in favor of granting Defendants' Motion. The Court will quash Plaintiff's previous attempt at service and order Plaintiff to re-serve Defendant. *See Pathak v. Omaha Steaks Intl, Inc.*, No. 10-7054 RSWL RZX, 2011 WL 1152656, at *2 (C.D. Cal. Mar. 28, 2011); Fed. R. Civ. P. 4(m) (noting that where a plaintiff has not served a defendant within 90 days, a

court may "order that service be made within a specified time").

## II. Merits of Defendants' Motion

In the interests of judicial economy, the Court will go on to briefly weigh in on the merits of Defendants' argument. The Federal Rules of Civil Procedure provide two mechanisms for serving a state agency or a state agency's officers sued in their official capacity: either by "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). California law, in turn, provides that a public entity may be served "by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Civ. P. Code § 416.50(a). Alternatively, California law provides that a public entity "may be served by leaving a copy of the summons and complaint during usual office hours in [the agency's] office." *Id.* § 415.20(a).

Critically, when serving an individual sued in his official capacity, that individual must be the *then-acting* official. *See Trout v. County of Madera*, No. 21-cv-06061-PJH, 2022 WL 2479156, at *4 (N.D. Cal. July 6, 2022). For instance, in *Trout*, the plaintiff sued the Director of the California Department of Health Care Services ("DHCS") in his official capacity and attempted personal service on the Director. *Id.* The problem, though, was that a new DHCS Director had been named by the Governor after the plaintiff filed suit and before the plaintiff had attempted personal service on the former Director at his home address. *Id.* The former Director's last day in office was two days before the attempted service, so the court held that service was ineffective because the former Director was merely "a recently-retired civilian" who "did not have actual authority to accept service on behalf of the agency at the time he was served with process." *Id.*

/ / /
/ / /
/ / /
/ / /

Plaintiff seems to have run into a similar trap.  Plaintiff purports to have personally served Kilgore and, even assuming that to be true,[2] Defendants assert that Kilgore's employment as DCSS Director ended on August 30, 2024, several weeks before Plaintiff filed this suit.  Declaration of Michelle Guillen ("Guillen Decl.") ¶ 4, Mot. at 10.  Although public records reflect that the Governor of California only made a new appointment to the position as of October 10, 2024,[3] the Court accepts Defendants' declaration as true in the absence of a competing response from Plaintiff.[4]  Indeed, Plaintiff's silence cannot overcome the burden he bears of establishing valid service now that it has been challenged by Defendants.  *See Miramontes v. Mills*, No. CV 11-08603 MMM (SSx), 2014 WL 12738922, at *2 (C.D. Cal. June 25, 2014) (citing *Brockmeyer*, 383 F.3d at 801).  Thus, to the extent Plaintiff attempted personal service on Kilgore, the Court cannot credit that attempt.  And to the extent that Plaintiff attempted substituted service on DCSS, he has failed to meet the requirements of Cal. Civ. P. Code § 415.20(a) (requiring a follow-up mailing of a copy of the summons and complaint by first-class mail).

Due to perceived confusion on Plaintiff's part, should Plaintiff wish to pursue this case further, he is directed "to the California Secretary of State's 'California Roster,' available at https://www.sos.ca.gov/administration/california-roster, which provides the

---

[2] Plaintiff's Affidavit of Service says that Kilgore was personally served at an address that Defendants claim houses a district office for the San Bernardino County Department of Child Support Services ("SBCSS"), a "county agency that is separate and distinct from [DCSS]." Declaration of Larita Manalili ("Manalili Decl.") ¶¶ 3–4, Mot. at 11.  The Affidavit of Service further says that Kilgore was served at 7:17 p.m. on October 8, 2024, but Defendants also claim that the SBCSS office was not open past 5:00 p.m. that evening and that Kilgore had no access to the building at that time. *Id.* ¶¶ 5, 7.  Needless to say, several holes have emerged from Plaintiff's Affidavit of Service that could have used further factual enhancement had Plaintiff responded to the Motion.

[3] Governor Gavin Newsom, Governor Newsom Announces Appointments 10.10.24 (Oct. 10, 2024), https://www.gov.ca.gov/2024/10/10/governor-newsom-announces-appointments-10-10-24/.

[4] The Court may take judicial notice of a government's website. *See EVO Brands, LLC v. Al Khalifa Grp. LLC*, 657 F. Supp. 3d 1312, 1321 (C.D. Cal. 2023) (first citing *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 999 (9th Cir. 2010); and then citing *U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381–82 (C.D. Cal. 2014)).

address and contact information for all state agencies departments, boards, and commissions. This roster contains the 'information necessary for service of process.'" *Schultz v. Superior Ct. of L.A.*, No. CV 23-10715-JAK (DTB), 2024 WL 661175, at *3 (C.D. Cal. Jan. 25, 2024) (citation omitted).

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Quash Service of Process (ECF No. 5). The Court **QUASHES** Plaintiff's attempted service on Defendants and **GRANTS** Plaintiff thirty (30) days from the electronic filing date of this Order to serve David Kilgore and/or DCSS in accordance with applicable federal or state law. The Court warns Plaintiff that if he fails to comply with the above deadline, the Court will dismiss this action without prejudice for failure to prosecute in compliance with a court order and for failure to serve process in accordance with Federal Rule of Civil Procedure 4.

**IT IS SO ORDERED.**

Dated:  March 28, 2025

Hon. Janis L. Sammartino
United States District Judge